JOHN W. HUBER, United States Attorney (#7226)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 325-1405
Email: aaron.clark@usdoj.gov; jennifer.gully@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LANDON GERMAINE, Defendant. | Case No.   2:20mj396 CMR COMPLAINT Judge Cecilia M. Romero |

Before the Honorable Cecilia M. Romero, United States Magistrate Court Judge

for the District of Utah, appeared the undersigned, who on oath deposes and says:

**COUNT I**
Distribution of Child Pornography
(18 U.S.C. § 2252A(a)(2)(A), (B) and (b)(l))

Beginning on a date unknown and continuing through May 27, 2020, in the

Northern Division of the District of Utah,

LANDON GERMAINE,

defendant herein, did knowingly distribute any child pornography, and material that

contained child pornography, as defined in 18 U.S.C. § 2256(8) that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(2)(A), (B), and (b)(1).

## COUNT II
Receipt of Child Pornography
(18 U.S.C. § 2252A(a)(2)(A), (B) and (b)(l))

Between 2018 and 2019, in the Northern Division of the District of Utah,

LANDON GERMAINE,

defendant herein, did knowingly receive any child pornography, and material that contained child pornography, as defined in 18 U.S.C. § 2256(8) that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(2)(A), (B), and (b)(1).

## COUNT III
Possession of Child Pornography
(18 U.S.C. § 2252A(a)(5)(B))

Beginning on a date unknown continuing through May 27, 2020 in the Northern Division of the District of Utah,

LANDON GERMAINE,

defendant herein, did knowingly possess any material which contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and

which images were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(5)(B).

I, Dustin Grant ("Your affiant'), a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Salt Lake City Division, being duly sworn, depose and state as follows to wit:

1. Your affiant has been employed as a Special Agent of the FBI since 2008 and is currently assigned to the Salt Lake City Field Office and is the Coordinator for the FBI Child Exploitation Human Trafficking Task Force. Your affiant has been involved in investigations related to violent crimes, sexual exploitation of children, and sexual abuse of children since 2008. Your affiant has gained experience through training in seminars, classes, and everyday work related to conducting these types of investigations. Your affiant is trained to conduct online undercover cases. Your affiant has been involved in numerous investigations involving violent crimes against children, internet crimes against children, and sex crimes against children, to include leading investigations related to the aggravated sexual abuse of children, kidnappings, child pornography, writing and executing search warrants, collecting evidence, interviewing victims, interviewing suspects, and conducting arrests.

2. As a federal agent, your affiant is authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3. The statements in this affidavit are based in part on information provided by law enforcement officers assigned to other law enforcement agencies, other special agents and employees of FBI and on your affiant's experience and background as a special agent of FBI. Since this affidavit is being submitted for the limited purpose of securing a search warrant, your affiant has not included each and every fact known concerning this investigation.

## Factual Background

4. On November 26, 2018, the Bentonville, Arkansas Police Department (BPD) received information from Person A who stated she had found explicit pictures and videos on her 11-year-old daughter's phone (hereinafter "Jane Doe"). Person A stated that she had done a check on Jane Doe's phone and discovered the application Snapchat. Person A stated she scrolled through previous messages that were still on the phone and discovered nude photographs and explicit videos of Jane Doe. Person A stated she also found explicit videos and photographs of Jane Doe on the applications Periscope and Kik. While meeting with the BPD Officer, Person A unlocked the phone and opened the Snapchat application. In the application, the BPD Officer observed photographs of Jane Doe exposing her genitalia and breast. Person A also opened the Periscope application for the BPD Officer. Person A pointed out that the photographs and videos of Jane Doe on this application were not being posted by Jane Doe but appeared to be

posted by username associated with Germaine, hereinafter, Username 1.[1] Person A consented to a search of the iPhone and the iPhone was taken into evidence by the BPD.

    5.    On December 10, 2018, Jane Doe was interviewed at the Children's Advocacy Center of Benton County. During the interview, Jane Doe denied having taken pictures or recordings of her body in an inappropriate manner. Jane Doe also denied having a Kik account.

    6.    A forensic extraction of the cellular phone revealed a Kik chat log starting in November 2018 between Jane Doe's user name and other users including a second username Landon Germaine acknowledged using, hereinafter Username2.[2] The forensic analysis shows that the chat group was created by Jane Doe, and Username2 was added to the group and that subsequently Username2 added additional users. The analysis showed that the first sexually explicit image of Jane Doe was sent to the group by Username2 after stating, "can I share the ones before?" Subsequently in November 2018, Username2 then proceeded to share images and a video of Jane Doe. One of the images in particular disseminated by Username2 shows Jane Doe exposing her vagina. The video that is shared by Username2 shows Jane Doe exposing her chest. On that same date during the chat conversation Jane Doe is asked by another user in the group how old she is. Jane Doe responded to the group, "No I'm not old enough to drive so 15 and above is

---

[1] This username is known to law enforcement and Germaine admitted to use of this username at time of arrest.
[2] This username is known to law enforcement, after arrest, Germaine confirmed he used this username.

not even an option." After the age discussion Jane Doe sends a picture to the group in which her vagina is exposed. A few days later in November 2018, Jane Doe sent a video of herself masturbating with a foreign object in which her genitalia is the focus of the video to the group.

7. Analysis of the photos disseminated to the Kik chat group by Username2 demonstrated that Username2 had previously received the images he disseminated to the group via Snap Chat. Specifically, the images have the Snapchat filter and interface in the screenshots. In one of the images, a time stamp and description is in the Snap Chat filter reading ". . . Tuesday A.M. 00:39:02 Nov 20, 2018."

8. In January 2020, Person A discovered Jane Doe was again communicating with Username1 and others over Telegram, Snapchat and Periscope. Person A stated she viewed three sexually explicit videos, including one where Jane Doe appeared to be masturbating, on Jane Doe's Periscope application and notified law enforcement. Special Agent Brenan Despain reviewed screenshots of the three videos and noted that it appeared Jane Doe was unclothed in all three and possibly had taken the photos in a bathroom. Person A stated before alerting law enforcement she assumed her daughter's Persona on Telegram and communicated with Username1. Person A stated that Username1 indicated to her he was suspicious as to whether she was really Jane Doe. Person A further stated that when she checked Jane Doe's phone again the sexually explicit videos of Jane Doe from Periscope had been removed.

10. A forensic interview of Jane Doe occurred in January 2020. During the interview Jane Doe, now twelve years old, stated she used applications including

Periscope, Telegram and Snapchat. She stated that she had told the users in her Telegram group how old she was. Jane Doe stated she had shown other users her body parts on these applications. Jane Doe stated she became aware of Periscope through the Telegram group and that the users on Periscope would ask her to show her body parts and she would. She stated some of the same people from Telegram would be part of her Periscope audience. Jane Doe stated some of the users from Periscope offered to send her money or gifts. During the interview, Jane Doe also acknowledged that the main guy was from Salt Lake City, Utah and that he was involved with both Telegram and Periscope.

11.   A forensic extraction was completed on Jane Doe's iPhone 8 in January 2020. Analysis of the content showed several text message conversations which seem to infer that Username1 created and was maintaining a Telegram group. A chat in the Telegram application from 2019 revealed communications between Jane Doe and Username1. In these chats username1 asks Jane Doe "Are you able to do both legs behind head full frontal view?" and "I always liked legs in pic haha." Jane Doe replies back with "Maybe." Username1 stated "Could be 1 or both…it like shows the length of body and beauty all at the same time." "The feet thing you did last year was too epic…haha."

12.   Messages between Username1 and Jane Doe on Telegram show Username1 was aware of Jane Doe's age. Specifically a text message from Username1 sometime on or after December 2019 states "Wanna join a group with my ex…a girl lol cause I'm not gay…" Jane Doe later replies "I'm willing to try it.." Usernam1 replies, "Meh. She is interesting. Kinda like you…she looks older but is 12."

13. Results of an administrative subpoena to Kik from January 2019 showed Username2 was associated with an email address used by Germaine. Germaine acknowledge ownership and control of the Kik account. The usernames associated with email, "Ronny Harris" or "Ryan Harris" are aliases of Germaine.

14. Information from the email search warrant indicated that the email address was associated with a telephone number of 801-57X-XXXX. A CLEAR database search revealed that telephone number returned to Landon Germaine with a possible date of birth of 08/XX/1988, a possible social security number of 601-15-XXXX and a possible address of XXXX West XXXX South, Woods Cross, Utah. Law Enforcement used Google Maps to plot the address and observed the house by "street view." Law Enforcement then compared the image from Google Maps to images sent to Jane Doe through Periscope from Username1 that was extracted from Jane Doe's iPhone. Comparison of the images seemed to be the same residence.

15. In January 2020, Special Agent Despain was provided with a screenshot obtained from Jane Doe's phone of an individual that Person A believed to be Username1. Your affiant has compared this selfie styled photo with Germaine's driver's license photo and believes the photos are of the same person, in this case Landon Germaine.

16. On or about April 30, 2020, a Detective with the Woods Cross Police Department observed a male who appeared to be Landon Germaine exit the residence and go for a bike ride. The Detective photographed three vehicles parked in the driveway, including a white 2002 Honda Accord that is registered to Landon Germaine.

17. A search warrant was executed at the Woods Cross address on May 27, 2020. At the time of arrest law enforcement provided Landon Germaine his Miranda rights and he admitted to being involved in receiving sexually explicit images and videos from Jane Doe. Germaine also admitted to engaging in similar activities with other females around the same age as Jane Doe (12). Germaine admitted to directing several other females under the age of 18 to perform sexual acts while video recording themselves, which he would purchase from them. Germaine acknowledged his screen names and his receipt of sexually explicit images of Jane Doe and acknowledged chat messages between him and Jane Doe that were previously recovered. Germaine said he knew Jane Doe was twelve years old at the time of the production of the images, and at the time Jane Doe sent him the images. Germaine stated he had a sexual interest in juvenile females who were "developed" and was involved in trading illegal videos and images with other people via online chat rooms. Germaine acknowledged that the devices taken by law enforcement from the residence belonged to him alone.

18. Preliminary forensic review on scene on May 27, 2020 uncovered that Germaine possessed over a hundred, sexually explicit images/videos of minors ranging in age from approximately 8 to 16 years of age, on the digital media seized. Your affiant is aware that Germaine's digital media contained images that depicted prepubescent nude minors, as well as images of prepubescent nude minors masturbating.

19. Also recovered through forensic review on scene, Germaine's digital media had evidence of numerous chats on various applications with female children under eighteen years of age, and some chats with female children as young eleven years old. In

these chats Germaine repeated sought and asked for sexually explicit videos of these minor females. In these chats Germaine provided specific instructions on what the female minors should depict in the videos, including requesting pictures of their genitalia or masturbating. Germaine also repeatedly offered to pay these female minor children money for sending him sexually explicit videos.

Based on these facts, your affiant respectfully submits that there is probable cause to believe that Landon Germaine has committed violations of 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography; and 18 U.S.C. § 2252A(a)(2), Receipt of a Child Pornography.

Based on the foregoing information, your affiant respectfully requests that a warrant of arrest be issued for Landon Germaine.

/s/ Dustin Grant

Digitally signed by /s/ Dustin Grant
Date: 2020.05.27 17:22:24 -06'00'

Dustin Grant
Special Agent Federal Bureau of Investigation

SUBSCRIBED and SWORN before me this __28th__ day of __May 2020

Cecilia M. Romero
UNITED STATES MAGISTRATE JUDGE

JOHN W. HUBER
United States Attorney

_____
Karin M. Fojtik

Assistant United States Attorney

*Digitally signed by KARIN FOJTIK. Date: 2020.05.27 17:16:32 -06'00'*